UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN,

                Petitioner,

-against-

J.L. JAMISON, WARDEN,

                Respondent.

23-CV-1304 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at FCI Otisville, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, challenging the conditions of confinement he experienced when he was incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner paid the $5.00 filing fee to bring this action.[1] The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

---

[1] The petition was received without the $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP"), that is, without payment of fees. By order dated March 1, 2023, the Court directed Petitioner to either pay the fee or submit an IFP application. The court processed payment of the fee on March 13, 2023.

arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner, who is currently incarcerated at FCI Otisville, brings this Section 2241 petitioner challenging the conditions of confinement he experienced when he was incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner raises a single ground for relief: "FCI Gilmer Mailroom staff deliberately hindered my Special Mail, thus I was barred from seeking post-sentencing relief." (ECF 1, at 6.)

The following allegations are taken from the petition. FCI Gilmer mailroom staff "have repeatedly defeated the protections put in place by the [United States Bureau of Prisons ('BOP")] to ensure prompt delivery of legal mail." (*Id.* at 13.) On January 4, 2022, The United States Court of Appeals for the Sixth Circuit denied Petitioner's appeal of the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. (*Id.* at 12.) The court's decision was mailed on January 4, 2022, but Petitioner did not receive it until March 30, 2022. (*Id.* at 13.) Petitioner alleges that, even though the envelope from the Court of Appeals included all the required disclaimers indicating that its content was related to "official business" of the court, the mail "was not delivered to [Petitioner] pursuant to BOP regulations." (*Id.* at 14.) "Due to the misdelivery, [Petitioner] was barred from seeking a rehearing/en banc determination or a writ of certiorari" with respect to his Section 2255 motion. (*Id.* at 12.)

Petitioner documents multiple other occasions on which the mailroom staff allegedly violated BOP regulations and policy. (*See id.* at 13-14.) Petitioner alleges that he complained of

not receiving his mail in a timely manner to the warden of FCI Gilmer on multiple occasions, but the problems continued. (*Id.* at 13.)

Petitioner seeks "immediate release." (*Id.* at 8, 19.)

## DISCUSSION

The Court denies the petition as moot. Article III, Section 2, of the Constitution allows federal courts to hear only "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *See id* at 68 n.22 (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980)).

Courts have held that "[a] § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." *Razzoli v. Strada*, No. 10-CV-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (holding that *habeas* claims challenging prison conditions during confinement were mooted by prisoner's transfer to different penitentiary)); *see Harrison v. Terrell*, No. 12-CV-6855, 2013 WL 1290653, at *2 (S.D.N.Y. Mar. 29, 2013) (noting that, in a Section 2241 action, "a transfer from a prison facility moots an action for injunctive relief against the transferring facility." (internal quotation marks and citation omitted)).

Here, Petitioner is challenging the conditions of his confinement at FCI Gilmer, but he is currently incarcerated at FCI Otisville. Because he is no longer incarcerated at FCI Gilmer,

where the allegedly unconstitutional events occurred, the petition is moot.[2] *See Thompson*, 525 F.3d at 209. The Court therefore denies the petition without prejudice.[3]

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied as moot.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   April 10, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] Although Petitioner seeks "immediate release," such relief "is not the type that can be granted in response to claims regarding conditions of confinement under Section 2241." *Serra v. Terrell*, No. 10-CV-3044 (DLI), 2013 WL 5522850, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted); *Reynolds v. Petrucci*, No. 20-CV-3523 (LLS), 2020 WL 4431997, at *2 (S.D.N.Y. July 29, 2020) ("While *habeas* relief may be available to petitioners making claims based on conditions of confinement, the appropriate remedy in that context is relief from those conditions, not release from custody.") The proper remedy for a conditions-of-confinement claim under Section 2241 "is the improvement of [Petitioner's] allegedly harsh conditions of confinement." *Serra*, 2013 WL 5522850, at 1. For example, an order directing the respondents to deliver Petitioner's mail in a timely fashion would be an appropriate remedy. As the Court finds this petition is moot, however, such a remedy would not be appropriate in this case.

[3] Nothing in this order prevents Petitioner from filing a federal civil action for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in an appropriate venue and naming the appropriate defendants.