UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN,

                        Petitioner,

              -against-

WARDEN J.L. JAMISON,

                        Respondent.

23-CV-1304 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner filed this action *pro se*. On April 10, 2023, the Court dismissed the petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 as moot. (ECF 4.) Judgment was entered on April 12, 2023. (ECF 5.) On May 1, 2023, Plaintiff filed a "Request for Reconsideration" challenging the April 10, 2023, order denying the petition. (ECF 6.)

        The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## DISCUSSION

A.      **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his petition, Petitioner alleged that mail room staff at FCI Gilmer, the facility at which he was previously incarcerated, "hindered [his] Special Mail," thereby preventing him from timely seeking a rehearing of the United States Court of Appeals for the Sixth Circuit's denial of his motion to vacate his conviction under 28 U.S.C. § 2255. (ECF 1, at 6.) Because of the alleged violations at FCI Gilmer, Petitioner sought "immediate release" from custody. (*Id.* at 8.)

In its April 10, 2023, order, the Court denied the petition as moot because Petitioner was no longer incarcerated at FCI Gilmer, where the alleged violations occurred, and numerous courts have held "[a] § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." *Razzoli v. Strada*, No. 10-CV-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (citing *Thompson v. Choinski*, 525 F.3d

205, 209 (2d Cir. 2008) (holding that *habeas* claims challenging prison conditions during confinement were mooted by prisoner's transfer to different penitentiary)); *see also Harrison v. Terrell*, No. 12-CV-6855, 2013 WL 1290653, at *2 (S.D.N.Y. Mar. 29, 2013) (noting that, in a Section 2241 action, "a transfer from a prison facility moots an action for injunctive relief against the transferring facility.") (internal quotation marks and citation omitted).

In his motion for reconsideration, Petitioner argues that his claims fall under the "capable of repetition, yet evading review" exception to the mootness doctrine. This is a narrow exception to the mootness doctrine that applies "only in exceptional situations" where "the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 119 (2d Cir. 2001) (internal quotation marks and citation omitted). Petitioner now asserts that mail tampering "has prejudiced [his] court access at every [Federal Bureau of Prisons] facility where he has been an inmate." (ECF 6, at 2.) Petitioner provides examples of "violative conduct" that occurred at FCI Hazelton in 2018, and alleges that officials at FCI Otisville, where he is currently incarcerated, opened his "Special Mail" outside of his presence on multiple occasions.

Petitioner alleges no facts demonstrating that the claims in his original petition are capable of repetition. Petitioner's original petition sought relief based on alleged mail tampering and delays in receiving his mail at FCI Gilmer that allegedly hindered his litigation of his Section 2255 motion. He did not challenge a nationwide BOP policy, but rather alleged that officials at FCI Gilmer were not following BOP policy. (*See, e.g.*, ECF 1, at 13) ("The FCI Gilmer mailroom staff have repeatedly defeated the protections put in place by the BOP to ensure

prompt delivery of inmate legal mail.") After BOP transferred Petitioner to a new facility, he therefore no longer faced the conditions that prohibited him from litigating his Section 2255 motion.

In his motion for reconsideration, he presents a different set of facts arising in new context. He now alleges that officials at FCI Otisville have opened his "Special Mail" outside of his presence. Unlike in the original petition, he does not allege that his mail was delayed by officials at FCI Otisville or that he has been hindered from litigating his Section 2255 motion. In short, rather than seeking reconsideration of the Court's denial of the claims in his original petition, Petitioner is using a motion for reconsideration to bring new claims. A motion for reconsideration, however, is not an appropriate avenue to raise new claims based on new and different facts arising from events that occurred at a different facility. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).[1]

To the extent Petitioner is now alleging that officials at FCI Otisville are violating his rights by opening his mail, Plaintiff may assert those claims in a new Section 2241 petition or civil action.

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil

---

[1] Because the Court denies Petitioner's motion for reconsideration and leaves in place its holding that the petition is moot, the Court declines to address Petitioner's challenge to a footnote in the Court's order indicating that immediate relief from custody is not the type of relief granted in response to a Section 2241 petition challenging the conditions of confinements.

Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Petitioner failed to file this motion within 14 days of the entry of judgment. Judgment was entered on April 12, 2023, and Petitioner's motion was not filed until he placed it into the prison mailing system on May 1, 2023. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3 as untimely.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 6) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. To the extent Petitioner is seeking to assert new claims, he may bring those claims by filing a new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge